UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHAINA A. RUTHERFORD,

vs.                                           Case No. 2:13-cv-239-29DNF

WELLS FARGO BANK, N.A.,

                      Defendant.
_____

## OPINION AND ORDER

    This matter comes before the Court on plaintiff's Motion for Remand (Doc. #17) filed on April 26, 2013. Defendant failed to file a response, and the time to do so has expired. For the reasons set forth below, the motion is denied.

    Plaintiff Shaina A. Rutherford (plaintiff) filed her Complaint (Doc. #2) against defendant Wells Fargo Bank, N.A. (defendant) in state court for violation of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692b(3). The timely Notice of Removal (Doc. #1) asserts federal question jurisdiction as the basis for removal. Plaintiff now seeks a remand to state court because both state and federal courts have concurrent jurisdiction over FDCPA claims, and no novel, compelling or overriding issues exist that require a federal court to preempt plaintiff's state court forum of choice. (Doc. #17, p. 3.)

    The Supreme Court has succinctly summarized the removal principles:

> As a general matter, defendants may remove to the appropriate federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The propriety of removal thus depends on whether the case originally could have been filed in federal court. The district courts have original jurisdiction under the federal question statute over cases "arising under the Constitution, laws, or treaties of the United States." § 1331. It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law.

City of Chi. v. Int'l. Coll. of Surgeons, 522 U.S. 156, 163 (1997)(citations and quotation marks omitted). The Complaint (Doc. #2) filed in state court sets forth a claim under the FDCPA, and therefore the claim clearly arises under federal law, and a federal court would have original jurisdiction over such a claim. 15 U.S.C. § 1692k(d); 28 U.S.C. § 1331. This case was therefore properly removed under 28 U.S.C. § 1441(a), unless an act of Congress provides otherwise.

There is no provision of the FDCPA which precludes removal of such a case to federal court. While a state court has concurrent jurisdiction to hear a FDCPA claim, 15 U.S.C. § 1692k(d), this does not preclude removal. E.g., Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691 (2003); Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740 (2012). Additionally, plaintiff's choice of a state forum does not preclude defendant from removing the case. While as master of her complaint plaintiff need not assert a federal claim, having done so plaintiff subjected herself to the possibility that

defendant would remove the case to federal court. Int'l. Coll. of Surgeons, 522 U.S. at 165. There is no basis for the court to abstain from its "virtually unflagging obligation" to exercise its jurisdiction. Elk Grove Unified Sch. Dist. v. Newdow, 541 U.S. 1, 21 (2004).

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion for Remand (Doc. #17) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   18th   day of June, 2013.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record

3